IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHNETTA ASKEW HUNT,           §
                               §
          Plaintiff,           §
                               §
V.                             §          No. 3:23-cv-441-G-BN
                               §
MERIDIAN SECURITY INSURANCE    §
COMPANY STATE AUTO INSURANCE   §
COMPANIES,                     §
                               §
          Defendant.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Invoking 28 U.S.C. § 1332, the Court's diversity jurisdiction, as the sole basis

for federal subject matter jurisdiction, "Meridian Security Insurance Company,

incorrectly named in the underlying state court action as 'Meridian Security

Insurance Company State Auto Insurance Companies'" ("Meridian") removed from a

Dallas County, Texas state court Plaintiff Johnetta Askew Hunt's *pro se* lawsuit

alleging that Meridian breached an insurance policy providing for coverages at a

property in Dallas. *See* Dkt. No. 1.

This action is now referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from Senior United States District Judge A. Joe Fish. *See also* Dkt. No. 50.

Multiple motions are ripe, most notably Meridian's motion for summary

judgment on Hunt's claims because the subject property is not a "residence premises"

as required for coverage to attach under the policy. Dkt. No. 59; *see also* Dkt. Nos. 60-

65, 67-68, 70, & 72.

But the Court must first address its subject matter jurisdiction.

In a prior memorandum opinion and order, *see Hunt v. Meridian Sec. Ins. Co.*, No 3:23-cv-441-G-BN, 2023 WL 5487669 (N.D. Tex. Aug. 24, 2023) [Dkt. No. 66], the Court detailed its jurisdictional concerns and allowed the parties an opportunity to provide their views as to the need to remand this lawsuit to state court.

The parties responded. *See* Dkt. Nos. 69 & 70. And, through its response, Meridian has shown that there was federal subject matter jurisdiction at the time of removal where, as Meridian sets out under Texas law, Meridian Security Insurance Company was the only defendant at the time of removal. *See* Dkt. No. 69, ¶¶ 4-9.

"The Federal Rules of Civil Procedure provide that they 'apply to a civil action after it is removed from a state court.' [But t]hey do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court." *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (cleaned up; quoting FED. R. CIV. 81(c)(1)).

So federal courts apply "state rules to determine the implications of events that occurred while a case was pending in state court prior to removal." *Id.* at 947 (citations omitted).

Applicable here,

Texas Rule of Civil Procedure 28 provides: "Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted." TEX. R. CIV. P. 28. "Under

this Rule, a plaintiff can bring suit against an individual [or entity] doing business under the name of an association, partnership, or corporation, even if the association, partnership, or corporation does not exist." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828-29 (Tex. 1999). Whether an entity or individual does business under an assumed or common name is a question of fact for the trial court. *See Sixth RMA Partners, L.P. a/k/a RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003).

*Fox v. Medina Lake TX Prop. Assocs., LLC*, No. SA-20-CV-01052-XR, 2020 WL 12584132, at *3 (W.D. Tex. Nov. 4, 2020).

The Rule "is predicated on the notion that a case has already commenced against the proper party, but the party's legal name is incorrect. Thus, in *Chilkewitz* the doctor's professional association was effectively already a party to the suit even though Chilkewitz only named the doctor as an individual." *Molinet v. Kimbrell*, 356 S.W.3d 407, 412 (Tex. 2011) (citations omitted).

And Meridian persuasively explains that, here, the misnomer (as opposed to misidentification) did not prevent removal by the defendant sued in state court, *see, e.g.*, Dkt. No. 69, ¶ 8, particularly where, after Meridian informed Hunt of the misnomer through its answer, Hunt amended her allegations to identify Meridian by its proper name and Meridian amended its answer to eliminate the misnomer defense, *see id.*, ¶ 11 (citing Dkt. No. 1-6, ¶ 9; Dkt. No. 22; Dkt. No. 43); *see also Casas v. Anthony Mech. Servs., Inc.*, No. 5:21-cv-168-H, 2022 WL 541787, at *2 (N.D. Tex. Feb. 23, 2022) ("[M]isnomer … is inapplicable when the plaintiff disputes whether a misnomer has occurred. (citations omitted)).

"In Texas, a misnomer exists when a plaintiff sues the correct entity under a mistaken name; a misidentification 'arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the

correct entity.'" *Id.* (cleaned up).

And, like here, "[w]hen the correct party sues or is sued under the incorrect name, 'the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.'" *Id.* at *3 (quoting *Reddy P'ship/5900 N. Freeway LP v. Harris Cnty. Appraisal*, 370 S.W.3d 373, 376-77 (Tex. 2012) (quoting, in turn, *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 702 (Tex. App. – Fort Worth 2001, no pet.))).

"Generally, parties are permitted to rectify a misnomer so long as it is not misleading." *Id.* at *2 (citation omitted).

And, in a context similar to the subject matter concerns raised by the Court on August 24, federal district courts in Texas have found that the removal statute was not violated where a removing defendant acted as Meridian did in this case. *See, e.g.*, *Harris v. Meridian Sec. Ins. Co.*, No. 4:19-cv-507-P, 2019 WL 8071872, at *2-*3 (N.D. Tex. Oct. 9, 2019) ("In *Dalton v. State Farm Lloyd's, Inc.*, the plaintiff filed suit in state court against 'State Farm Lloyd's, Inc.,' but served 'State Farm Lloyds.' 4 F. Supp. 3d 859, 861 (S.D. Tex. 2014). State Farm Lloyd's filed an answer where it disclosed that they had been incorrectly named. *Id.* State Farm Lloyd's then removed the case to federal court and addressed the citizenship of the parties. *Id.* In the subsequent federal case, the Certificates of Interested Parties reflected that State Farm Lloyd's was the defendant rather than State Farm Lloyd's, Inc., and the plaintiff's second amended complaint, while maintaining the incorrect case style, clearly stated that State Farm Lloyd's was the appropriate defendant. *Id.* at 862. The

court held that these facts were sufficient to find a misnomer occurred but was properly cured and removal was permissible. *Id.* at 865.").

Satisfied that there was subject matter jurisdiction at the time of removal, the undersigned turns to the pending motions.

And, because Meridian's motion for summary judgment, if granted, disposes of this litigation, the undersigned considers it first and, after doing so, enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion for summary judgment and enter judgment dismissing this lawsuit with prejudice, thereby terminating all other pending motions.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). And "[a] factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625

(5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all

reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625.

"The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted).

And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)); *Hassen v. Ruston La. Hosp. Co., L.L.C.*, 932 F.3d 353, 355 (5th Cir. 2019) (A court must "view the evidence and draw all justifiable

inferences in favor of the nonmovant. Even so, barebones, conclusory, or otherwise-unsupported assertions won't cut it; the nonmovant 'must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.'" (footnotes omitted)).

So, "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted). Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation

marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he

must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

"Texas law governs this diversity action and informs the interpretation of the insurance policy." *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 444 (5th Cir. 2011) (per curiam) (citing *VRV Dev. L.P. v. Mid-Continent Cas. Co.*, 630 F.3d 451, 455 (5th Cir. 2011)). And, as to the construction of a Texas insurance policy at summary judgment, then-Chief Judge Lee H. Rosenthal of the Southern District of Texas has set out the following legal standards:

> Under Texas law, insurance contracts are interpreted under the general rules of contract construction, "and words and phrases contained therein should be given their plain and ordinary meaning." The court interprets an insurance contract to "effectuate the intent of the parties at the time the contracts were formed."
> The interpretation of an insurance contract is a legal determination. If an insurance policy is "worded so that it can be given only one reasonable construction, it will be enforced as written." Only when an insurance contract is susceptible to more than one reasonable interpretation may the court resort to the rule requiring adoption of the interpretation most favorable to the insured. The fact that the parties disagree as to whether there is coverage or the extent of coverage does

not create an ambiguity.

> When an insurance contract is not subject to challenge for ambiguity, its interpretation is a question of law for the court, appropriate for summary judgment. In a suit to recover on an insurance contract, the insured bears the initial burden of showing that there is coverage, while the insurer has the burden of proof as to "the applicability of any exclusions in the policy."
>
> Language of a policy exclusion or exception to coverage that the insurer claims is an avoidance or an affirmative defense. If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that the claim is within an exception to the exclusion.

*Weitzman v. Allstate Vehicle & Prop., Ins. Co.*, 598 F. Supp. 3d 1100, 1102-03 (S.D. Tex. 2022) (citations omitted); *accord Am. Risk Ins. Co. v. Serpikova*, 522 S.W.3d 497, 503 (Tex. App. – Houston [14th Dist.] 2016, pet. denied).

## Analysis

This dispute arises from Meridian's refusal to cover all repairs to a property on Shady Hill Drive, in Dallas, that was allegedly damaged in February 2021 due to water from burst pipes.

And Meridian seeks summary judgment as to Hunt's claims

> because the subject property is not a "residence premises" as the [applicable] Policy [(Policy No. 1000873031 ("Policy 3031"))] requires for coverage to attach. [Policy 3031] unambiguously requires Plaintiff to have resided at the property "on the inception date of the policy period," which is June 16, 2020. It is undisputed Plaintiff did not reside at the Property on June 16, 2020.
>
> As a necessary result, [Policy 3031] provides no dwelling or loss of use coverage, and only limited personal property coverage, which Meridian's prior payment exhausted. Because Meridian has paid all amounts it could possibly owe under [Policy 3031] for Plaintiff's claimed loss, Plaintiff's contractual claims fail as matter of law. Because Meridian did not breach the insurance policy, and Plaintiff alleged no "independent injury" that would itself support a claim against Meridian, all extra-contractual claims must likewise fail. Therefore, because the Property is not a "residence premises," Plaintiff's claims under the common law duty of good faith and fair dealing, Texas Insurance Code Section 541, and the Texas Deceptive Trade Practices Act fail as a

> matter of law. Meridian is therefore entitled to judgment as a matter of
> law as to all claims Plaintiff asserts.

Dkt. No. 60 at 7.

In response, Hunt asserts – for the first time – that another policy was in force:
Policy No. 10008311945 ("Policy 1945"), which she asserts creates "a genuine dispute"
as to the grounds for summary judgment. Dkt. No. 64 at 1.

In reply, Meridian first moves for leave under Northern District of Texas Local
Civil Rule 56.7 to file an appendix in support of its reply because Hunt neither pled
that Policy 3031 was invalid nor otherwise notified Meridian as to the arguments
that she has raised in response. *See* Dkt. No. 67 at 6-7; Dkt. No. 68.

Although Hunt opposes this request, *see, e.g.*, Dkt. No. 70, the undersigned
finds that it should be granted – and the Court should therefore consider the
documents included in the appendix [Dkt. No. 68] – for the reasons advanced by
Meridian and where Hunt does not contest that she raised the arguments based on
Policy 1945 for the first time in the summary judgment response, *see, e.g.*, Dkt. No.
64 at 3; *see also Parsons v. Liberty Ins. Corp.*, No. 3:20-cv-1682-K, 2021 WL 2414765,
at *1 (N.D. Tex. June 14, 2021) ("'Local Rule 56.7 gives a presiding judge leeway to
allow a party to supplement its motion for summary judgment,' and '[t]he decision to
grant or deny leave to supplement is within this Court's sound discretion.'" (citations
omitted)).

And Meridian replies in part that Hunt still fails to offer argument or evidence
as to the coverage issue and that, while Meridian asserts that Policy 3031, not Policy
1945, was effective at the time of the claimed loss, both policies contain the same

"residence premises" endorsement and "[t]he Property is not a 'residence premises' regardless of which policy was actually in force, and therefore, there is no coverage for [Hunt's] claims in excess of Meridian's prior payment." Dkt. No. 67 at 7-11.

To begin, it is Hunt's burden, as the insured, "to prove coverage," while "the insurer has the burden to prove exclusions to coverage," and the burden shifts back to "the insured … to prove exceptions to coverage exclusions." *Weitzman*, 598 F. Supp. 3d at 1104 (citing *Century Sur. Co. v. Hardscape Constr. Specialties, Inc.*, 578 F.3d 262, 265 (5th Cir. 2009); *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998)).

And, like the insureds in *GeoVera Specialty Insurance Co. v. Joachin*, 964 F.3d 390 (5th Cir. 2020), Hunt's "ability to [prove coverage] boils down to one question: Was the [Shady Hill Drive property] a covered 'residence premises' under [either] insurance policy?" *Id.* at 393. The undersigned finds that it was not.

While the uncontroverted summary judgment evidence reflects that Policy 1945 was canceled effective June 11, 2020 to account for an effective date change to June 16, 2020 (the effective date of Policy 3031), *see* Dkt. Nos. 68-3, 68-4, & 68-5, both Policy 3031 and Policy 1945, through endorsements, define "residence premises" the same: as the "dwelling … where you reside … on the inception date of the policy period shown in the Declarations and which is shown as the 'residence premises' in the Declarations." Dkt. No. 1-6 at 115 (Policy 3031); Dkt. No. 68-1 at 87 (Policy 1945); *see also* Dkt. No. 1-6 at 73-75 (Declaration as to Policy 3031 providing an inception date of June 16, 2020); Dkt No. 68-1 at 3-5 (Declaration as to Policy 1945 providing an

inception date of June 11, 2020).

"In Texas, interpretation of an insurance policy begins with its actual words, 'because it is presumed parties intend what the words of their contract say.'" *Sw. Airlines Co. v. Liberty Ins. Underwriters, Inc.*, ___ F.4th ____, No. 22-10942, 2024 WL 162491, at *2 (5th Cir. Jan. 16, 2024) (clean up; quoting *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 454 (5th Cir. 2022)).

As applicable to "residence premises" here, "[w]hen a policy defines a term, [courts] use that definition." *Id.* at *3 (also explaining that courts otherwise "endeavor to find the term's 'ordinary and generally-accepted meaning'" and that "Texas law requires [courts] to begin that inquiry with the dictionary" and "then look to 'the term's usage in other statutes, court decisions, and similar authorities'" (citations omitted)).

And the summary judgment evidence that Hunt does not controvert – her own sworn testimony – reflects that she did not "reside" – that is, she did not "[l]ive, dwell, abide, sojourn, stay, remain, lodge" – at Shady Hill Drive on June 16, 2020. *Fortenberry v. Great Divide Ins. Co.*, 664 S.W.3d 807, 812 (Tex. 2023) (quoting *Reside*, BLACK'S LAW DICTIONARY (5th ed. 1979); further defining "reside" as "[t]o settle oneself or a thing in a place, to be stationed, to remain or stay, to dwell permanently or continuously, to have a settled abode for a time, to have one's residence or domicile"); *see* Dkt. No. 61-5 (testifying multiple times that she did not start living at Shady Hill Drive until, at the earliest, July 2020); Dkt. No. 61-6 at 1 (errata sheet: "I started living at 3991 Shady Hill around July 2021" [sic]).

- 14 -

The United States Court of Appeals for the Fifth Circuit, applying Louisiana law – which the Fifth Circuit has observed does not "pertinently differ[ from] Texas law … with respect to interpreting insurance policies," *Aggreko, L.L.C. v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 688 (5th Cir. 2019) – addressed a similar coverage dispute under a similar policy provision in *GeoVera*:

> The Joachins' policy covered "[t]he dwelling on the 'residence premises' shown in the Declarations." It further defined "residence premises" as: "[t]he one-family dwelling where you reside ... on the inception date of the policy period shown in the Declarations and which is shown as the 'residence premises' in the Declarations." The Joachins meet the second requirement because the Declarations page lists the Bienvenue house as the covered property.
>
> But the "and" in the policy's definition of residence premises requires more than that – it also requires residence. That residence requirement is "clear and explicit." And the "plain, ordinary and generally prevailing meaning" of the word "reside" requires more than purchasing a home or intending to move into it. The Joachins recognize this, as they repeatedly admitted that they never "resided" at the Bienvenue property.
>
> The Joachins' Bienvenue home thus did not satisfy the policy's "residence" requirement and was not a covered "residence premises." There is no coverage.

964 F.3d at 393 (citations omitted); *see also id.* at 393-95 (also rejecting the insureds' arguments as to exclusions ("The Joachins' view of the exclusions would flip the parties' burdens for insurance claims. Consistent with general insurance principles, Louisiana[, like Texas,] requires the insured to first prove coverage, after which the insurer can show that an exclusion applies. That order is key: coverage must exist before it can be excluded.") and the insureds' absurdity argument ("[T]he GeoVera policy is not absurd on its face. The policy makes perfect sense for a homeowner who purchases it while already living in the home. Such an insured would receive robust coverage The problem, then, is not that GeoVera's policy is 'absurd.' It is that the

Joachins purchased the wrong policy. Just as a policy requiring ownership would not become absurd if a renter mistakenly purchased it, the reside-at-inception policy is not absurd because insureds who had yet to move in purchased it." (citations omitted)).

And, as set out above, the summary judgment evidence here is clear-cut – like the evidence in *GeoVera* – and differs from the summary judgment record in a recent decision from the Eastern District of Texas. *See Meridian Sec. Ins. Co. v. Murphy*, No. 6:21-cv-353-JDK, 2022 WL 7145419, at *2-*3 (E.D. Tex. Oct. 12, 2022) (denying summary judgment for the insurer as to coverage on the "residence premises" provision where the insured did "not dispute that the Policy required him to reside at the Property on [the inception date], but cite[d] evidence he did reside there on that date"; discussing insurer's evidence that insured did not and insured's "evidence going the other way").

And this lack of coverage effectively cuts off Hunt's claims in this lawsuit, as "[t]he insurer is not liable for coverage it did not agree to provide." *GeoVera*, 964 F.3d at 395.

So, although Meridian paid Hunt $67,319.78 in March 2021 for damage to the property, this payment does not "create insurance coverage when none exists by the terms of the policy" under a theory of collateral estoppel. *Tex. Farmers Ins. Co. v. McGuire*, 744 S.W.2d 601, 602 (Tex. 1988); *see, e.g.*, *Sullivan v. State Farm Lloyds*, No. 3:05-cv-2000-L, 2008 WL 1775407, at *3 (N.D. Tex. Apr. 15, 2008) ("That State Farm mistakenly continued to make ALE payments after it was no longer

- 16 -

contractually obligated to do so, neither alters the agreement between the parties nor provides coverage where none otherwise exists. State Farm's knowledge that Sullivan sold the residence premises is of no moment. Under the Policy, State Farm was obligated to pay ALE only until February 2002, but made payments until March 2004. Therefore, it has more than satisfied its obligation to make ALE payments to Sullivan and has not breached the Policy." (citations omitted)).

Under this logic, Meridian's payment of more than $67,000 also exceeded its contractual obligation to provide personal property coverage (not restricted to the "residence premises" requirement) not to exceed $47,035.10.

And Hunt's failure to show that Meridian breached its contract with her extinguishes her remaining claims. *See, e.g.*, *Weitzman*, 598 F. Supp. 3d at 1107 ("Because the Weitzmans' breach of contract claim fails as a matter of law, and the Weitzmans do not assert or present evidence that they sustained an independent injury, their claim for extracontractual duties also fails." (citing *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018))); *Lane v. Allstate Ins. Co.*, Civ. A. No. H-04-3555, 2005 WL 6454486, at *4 (S.D. Tex. Nov. 21, 2005) ("Plaintiffs have not established that Defendant had no reasonable basis for denying their claim. Rather, Plaintiffs claim was not covered under the language of their insurance policy, because their home was not situated at the insured location when it was damaged. Because Defendant reasonably denied Plaintiffs' claim, Plaintiffs cannot establish that Defendant acted with bad faith. Plaintiffs therefore cannot establish a claim under [state laws], and summary judgment for Defendant is appropriate.").

## Recommendation

The Court should grant the motion for leave to file a reply appendix [Dkt. No. 67]; grant the motion for summary judgment [Dkt. No. 59]; and enter summary judgment for Defendant Meridian Security Insurance Company and thereby terminate all other pending motions and dismiss Plaintiff Johnetta Askew Hunt's claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 18, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE